UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAY AND LYNNE PERNSTEINER,
Individually and as Personal
Representatives of the Estate of Julia
Pernsteiner, deceased,

      Plaintiffs,

v.                                                      CASE NO. 3:23-cv-246-BJD-MCR

JACKSONVILLE UNIVERSITY,
a Florida Corporation, and
RONALD E. GRIGG, JR.,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Leave to File a Second Amended Complaint ("Motion") (Doc. 22); Defendants' Motion to Stay Case Pending Resolution of Rule 12 Motions ("Motion to Stay") (Doc. 24); and the relevant responses thereto (Docs. 25, 29, 30). For the reasons stated herein, the Motion is due to be **GRANTED** and Defendants' Motion to Stay is due to be **DENIED**.

    **I.**    **Background**

Plaintiffs seek leave to file the Second Amended Complaint attached to the Motion in order "to address the concerns raised in Defendants' motions [to dismiss and to strike], most of which involve assertions of failure to

comply with the Federal Rules of Civil Procedure (which, given that the Amended Complaint was filed in state court, did not apply when that document was prepared)." (Doc. 22 at 2-3.) Plaintiffs explain that their Motion is timely, and there is no undue delay, bad faith, or dilatory motive in seeking leave to amend. (*Id.* at 4.) Further, Plaintiffs argue that Defendants would not be prejudiced "because the Second Amended Complaint was drafted in primary part to comply with the Federal Rules of Civil Procedure and to state Plaintiffs' claims more clearly and specifically, so Defendants could more easily prepare meaningful responses." (*Id.* at 5.) Plaintiffs add that:

> "Given the early stage of this case and the fact that the proposed amendments do not radically alter the nature of the litigation, Defendants would not suffer any cognizable prejudice in the form of inability to prepare their defense or conduct discovery, nor can they have reasonably incurred substantial sunk costs that the amendments would cause them to have wasted."

(*Id.*) Defendants oppose Plaintiffs' request to file an amended complaint and instead request the Court to consider the merits of their Motions to Dismiss and Motion to Strike and grant their Motion to Stay which would stay discovery, litigation activity, and other case management requirements until the resolution of pre-answer motion practice. (*See generally* Doc 24.)

II.   **Discussion**

     **A. Motion to Stay**

2

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

In addition, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. USPS*, 901 F.2d 927, 929 (11th Cir. 1990). As such, the district court has "'broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case.'" *Ameris Bank v. Russack*, No. CV614-002, 2014 WL 2465203, *1 (S.D. Ga. May 29, 2014) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). In regard to stays of discovery, "the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

Overall, stays of discovery are seldom granted, but courts have held

3

that good cause to stay discovery exists when resolution of a dispositive motion may dispose of the entire action. *Compare Patterson*, 901 F. 2d at 929 (holding that the district court did not abuse its discretion by staying discovery where a pending dispositive motion gave the court enough information to ascertain that further discovery was not likely to produce a genuine issue of material fact), *with Feldman*, 176 F.R.D. at 652-53 (holding that a stay of discovery was not appropriate where pending motion to dismiss was not case dispositive).

In deciding whether to stay discovery, litigation activity, and other case management requirements pending resolution of a motion to dismiss, the Court must balance the harm produced by the delay against the possibility that the motion will be granted and completely dispose of the action. *Feldman*, 176 F.R.D. at 652-53. To that end, the *Feldman* court advised that it is often helpful to take a "peek" at the merits of the pending motion to dismiss to ascertain whether the pending motion appears to be "clearly meritorious." *Id.* ("While it is not necessary for the Court to, in effect decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive.").

The Court has "peeked" at Defendants' Motions to Dismiss. Based on a

4

cursory review, the Court is unable to predict the disposition of the Motions to Dismiss. While Defendants have submitted creditable Motions to Dismiss, Plaintiffs have countered with a meritorious response. Given the parties' positions, and the somewhat conflicting arguments and case law cited in their filings, there appears to be a legitimate dispute regarding the appropriateness of the relief requested in the Motions to Dismiss—albeit, upon cursory review. Thus, it is not apparent from the face of the Motions to Dismiss that there is an "immediate and clear possibility that [they] will be granted," *Feldman*, 176 F.R.D. at 652, so as to merit a stay of all proceedings henceforth.

Due to the fact that there exists a legitimate dispute regarding whether the Motions to Dismiss should be granted, the Court determines that the potential harm from indefinitely staying all litigation activity and denying Plaintiffs leave to amend outweighs the possibility that the pending Motions to Dismiss will be granted as truly case dispositive. While the Court is not commenting on Defendants' Motions to Dismiss, the Court does find that denying Plaintiffs' Motion to Amend by staying all litigation activity and associated deadlines until the resolution of pre-answer motion practice is not appropriate at this time.

### B. Motion to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that

5

"[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed.R.Civ.P. 15(a)(2).  The Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Supreme Court further stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*

Here, the Court finds no reason, "such as undue delay, bad faith or dilatory motive on the part of [Plaintiffs], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to [Defendants] by virtue of allowance of the amendment, [or] futility of amendment," to justify denial of Plaintiffs' request to file the Second Amended Complaint.  As such, the Motion is due to be granted.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 22**) is **GRANTED**.

2. Defendants' Motion to Stay **(Doc. 24)** is **DENIED**.

3. Plaintiffs shall file the Second Amended Complaint and any

6

attachments thereto within **three (3) days** of the date of this Order. Defendants shall respond to the Second Amended Complaint as provided in the Federal Rules of Civil Procedure.

    **DONE AND ORDERED** at Jacksonville, Florida, on June 27, 2023.

                                        MONTE C. RICHARDSON
                              UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record